**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 220128-U

Order filed October 11, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* Ta.P., Tav.P., and Tr.P., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Minors | ) | Du Page County, Illinois. |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | Appeal Nos. 3-22-0128, 3-22-0129 & |
| Petitioner-Appellee, | ) | 3-22-0130 |
| | ) | Circuit Nos. 21-JA-52, 21-JA-53 & |
| v. | ) | 21-JA-54 |
| | ) | |
| Bryanna O., | ) | Honorable |
| | ) | Anthony V. Coco, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Mother's answer to juvenile petition, neither admitting nor denying the allegation of neglect, was properly deemed a stipulation that the State could prove the allegation, and the mother was properly admonished that she was waiving the right to deny the allegation and have a trial.

¶ 2     The respondent mother, Bryanna O., appeals from an adjudicatory order finding that her three minor children were neglected.

¶ 3                            I. BACKGROUND

¶ 4        Juvenile petitions were filed on August 2, 2021, alleging Ta.P. (D.O.B. 12/15/15), Tav.P. (D.O.B. 03/07/2018), and Tr.P. (D.O.B. 08/20/2019), were neglected minors as defined by section 2-3(1)(b) of the Juvenile Court Act of 1987 (705 ILCS 405/2-3(1)(b) (West 2020)), in that the minors were subjected to an environment injurious to their welfare. The petitions alleged that on or about July 31, 2021, the minors' younger sibling was "found dead at home," while under the care and supervision of the mother. First amended neglect petitions were filed on September 13, 2021, identifying the minors' father.

¶ 5        The adjudicatory hearing was held on February 8, 2022. The mother admitted to the paragraphs of the neglect petition identifying the minors, identifying her as the minors' mother, and stating that the minors were in shelter care. The mother denied the paragraph that stated that it was in the best interest of the minors to be made wards of the court. The mother neither admitted nor denied the paragraph that alleged that the minors were neglected on the basis that their younger sibling was "found dead at home" while under her care and supervision. The trial court asked the mother to confirm that she was neither admitting nor denying that allegation. The trial court then asked the mother if she understood that by neither admitting nor denying the allegation, she was waiving the right to deny the allegation and proceed to a trial where the prosecutor would have to prove the allegations by a preponderance of the evidence. The mother responded that she understood the rights that she was waiving and that she was acting of her own free will. The trial court then asked the State to provide a factual basis for the finding of neglect. The prosecutor stated that on or about July 31, 2021, paramedics were called to the mother's residence for the report of an unresponsive minor. The minor was found head down between a bed and a wall. Paramedics would testify that the minor was transported to Elmhurst Hospital, where he was pronounced dead.

Case workers from the Department of Children and Family Services (DCFS) would testify that the minors were all at the residence when their younger sibling was found unresponsive. The mother's attorney stipulated that would be the State's evidence if there was a trial. The trial court found that the mother's decision not to admit nor deny the petitions was knowing and voluntary, and there was a factual basis for the allegations. The trial court adjudicated the minors neglected. After a hearing, the mother was found dispositionally unfit, and guardianship and custody of the minors was placed with DCFS. The mother appealed the adjudication of neglect.

¶ 6                                                II. ANALYSIS

¶ 7          The mother argues that the trial court erred in deeming her response of "neither admit nor deny" as an admission, contending that her response should have been construed as a denial. The mother also contends that she was not admonished that she had the right to withdraw her answer, so any admission was not voluntarily and intelligently made. The mother acknowledges that she failed to preserve these issues for review, and she asks for plain error review. The State contends that neither claim has merit. The first step in any plain error analysis is determining whether any error occurred at all. *In re Chance H.*, 2019 IL App (1st) 180053, ¶ 48.

¶ 8          Petitions alleging that a minor is abused, neglected, or dependent are civil in nature and must comply with the general rules of civil pleadings. *In re J.B.*, 312 Ill. App. 3d 1140, 1143 (1999), as modified upon denial of reh'g (Apr. 18, 2000). The State has the burden of proving allegations of neglect by a preponderance of the evidence, and our review of a trial court's ruling of neglect will not be reversed unless it is against the manifest weight of the evidence. *In re Arthur H.*, 212 Ill. 2d 441, 464 (2004). Prior to the commencement of the adjudicatory hearing, a party may offer to admit or stipulate to the allegations of the petition. See *In re April C.*, 326 Ill. App. 3d 225, 242 (2001).

¶ 9       Admissions under the Juvenile Court Act must be voluntarily and intelligently made. *In re M.H.*, 196 Ill. 2d 356, 366 (2001). Contrary to the mother's contention, the record indicates that the mother was made aware of the consequences of neither admitting nor denying the allegation that the minors were neglected. The trial court informed the mother that she was waiving the right to have a trial on the allegations since she did not deny the allegations, and the mother indicated that she understood she was waiving that right. The mother did not claim that she had insufficient knowledge to answer the allegation, and she stipulated that the State could prove the factual basis. The trial court properly deemed the mother's answer to the allegation as a stipulation that the State would be able to prove the allegation. See 735 ILCS 5/2-610(b) (West 2020) ("Every allegation *** not explicitly denied is admitted, unless the party states in his or her pleading that he or she has no knowledge thereof sufficient to form a belief ***."). Thus, we find no error in the trial court's admonishments to the mother and in its acceptance of the mother's answer to the petition.

¶ 10       III. CONCLUSION

¶ 11       For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 12       Affirmed.